UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KEVIN G. GRAY, | ) | Case No. CV 12-10915-JEM |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION AND ORDER |
| v. | ) | AFFIRMING DECISION OF THE |
| | ) | COMMISSIONER OF SOCIAL SECURITY |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**PROCEEDINGS**

On January 3, 2013, Kevin G. Gray ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Supplemental Security Income benefits. The Commissioner filed an Answer on May 2, 2013. On September 12, 2013, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

**BACKGROUND**

Plaintiff is a 54-year-old male who applied for Supplemental Security Income benefits on November 13, 2007.  (AR 15, 98.)  The ALJ determined that Plaintiff has not engaged in substantial gainful activity since November 13, 2007, the application date.  (AR 18.)

Plaintiff's claim was denied initially on March 25, 2008 and on reconsideration on July 17, 2008.  (AR 15.)  Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Alexander Weir III on September 14, 2009, in Los Angeles, California.  (AR 15, 98.)  Claimant appeared and testified at the hearing and was represented by counsel.  (AR 15.)  Vocational expert ("VE") Sandra Schneider also appeared and testified at the hearing.  (AR 15, 98.)

The ALJ issued an unfavorable decision on February 3, 2010.  (AR 15, 98-105.) Claimant filed a request for review with the Appeals Council on March 30, 2010.  (AR 15.)  On March 6, 2011, the Appeals Council granted review and issued an order of remand, vacating the ALJ's decision and directing further proceedings in this case.  In its remand order, the Appeals Council directed the ALJ to further evaluate Claimant's mental impairment, give further consideration to Claimant's maximal residual functional capacity during the entire period at issue and provide a rationale with specific references to evidence of record in support of assessed limitations, further evaluate Claimant's subjective complaints, provide a rationale in accordance with the disability regulations pertaining to evaluation of symptoms, further evaluate whether Claimant's past work qualifies as past relevant work, and obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitation on Claimant's occupational base.  (AR 15, 110-114.)

Claimant appeared and testified at the second hearing held before ALJ Alexander Weir III on January 30, 2012, in Los Angeles, California.  (AR 15.)  Claimant was represented by counsel.  (AR 15.)  Medical expert ("ME") David B. Peterson, Ph.D. and vocational expert ("VE") Kristan Cicero also appeared and testified at the hearing.  (AR 15.)

The ALJ issued an unfavorable decision on March 19, 2012.   The Appeals Council denied review on November 02, 2012.  (AR 1-3.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1.     Whether the ALJ properly considered the medical evidence as contained in the treating opinion of Sharon Jablon, Ph.D. and in the opinion of the testifying medical expert, David Peterson, Ph.D.

2.     Whether the ALJ properly considered the testimony of Kevin Gray.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error.  Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance."  Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence.  Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).  Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld.  Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).  "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'"  Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

**THE SEQUENTIAL EVALUATION**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen v. Yuckert, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).

Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). Residual functional capacity ("RFC") is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864,

4

869 (9th Cir. 2000).  The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits.  Parra, 481 F.3d at 746.  Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity.  Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).  To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience.  20 C.F.R. § 416.912(g).  If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits.  Id.

### THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since November 13, 2007, the application date.  (AR 18.)

At step two, the ALJ determined that Plaintiff has the following combination of medically determinable severe impairments: a mood disorder (dysthemia) and an anxiety disorder.  (AR 18-19.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments.  (AR 19-21.)

The ALJ then found that Plaintiff has the RFC to perform a full range of work at all exertional levels but with the following nonexertional limitations:

> Claimant cannot perform detailed or complex tasks; he has mild limitations in simple tasks; he has moderate limitations in dealing with co-workers and supervisors; he is precluded from having more than occasional contact with the general public; and he has moderate limitations in maintaining attention and concentration ("moderate" is defined as more than mild and less than severe, significant enough to be noticeable, considered moderate on general

observation as the term moderate is considered in normal English, and not

precluding the specific function area listed).

(AR 21-27.)  In determining this RFC, the ALJ made an adverse credibility determination.  (AR 22-23.)

At step four, the ALJ found that Plaintiff is unable to perform any past relevant work as a janitor.  (AR 27.)  At step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Claimant can perform, including laundry worker and cleaner.  (AR 27-28.)

Consequently, the ALJ found Claimant not disabled within the meaning of the Social Security Act.  (AR 28.)

**DISCUSSION**

The ALJ decision must be affirmed.  The ALJ properly considered the medical evidence. The ALJ properly discounted Plaintiff's credibility.

The ALJ's RFC is supported by substantial evidence.  The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

**I.    THE ALJ PROPERLY CONSIDERED THE MEDICAL EVIDENCE**

Plaintiff contends that the ALJ did not properly consider the medical opinions of Dr. Jablon and Dr. Peterson.  The Court disagrees.

**A.    Relevant Federal Law**

A RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms.  See SSR 96-5p; 20 C.F.R. § 1527(e).  In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition.  Robbins, 446 F.3d at 883.

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians:  (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who

1  neither examine nor treat the claimant (non-examining, or consulting, physicians).  See 20

2  C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995).  In

3  general, an ALJ must accord special weight to a treating physician's opinion because a treating

4  physician "is employed to cure and has a greater opportunity to know and observe the patient

5  as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted).  If

6  a treating source's opinion on the issues of the nature and severity of a claimant's impairments

7  is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is

8  not inconsistent with other substantial evidence in the case record, the ALJ must give it

9  "controlling weight."  20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

10         Where a treating doctor's opinion is not contradicted by another doctor, it may be

11  rejected only for "clear and convincing" reasons.  Lester, 81 F.3d at 830.  However, if the

12  treating physician's opinion is contradicted by another doctor, such as an examining physician,

13  the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons,

14  supported by substantial evidence in the record.  Lester, 81 F.3d at 830-31; see also Orn, 495

15  F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002).  Where a treating

16  physician's opinion is contradicted by an examining professional's opinion, the Commissioner

17  may resolve the conflict by relying on the examining physician's opinion if the examining

18  physician's opinion is supported by different, independent clinical findings.  See Andrews v.

19  Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632.  Similarly, to reject an

20  uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing

21  reasons.  Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005).  If an examining physician's

22  opinion is contradicted by another physician's opinion, an ALJ must provide specific and

23  legitimate reasons to reject it.  Id.  However, "[t]he opinion of a non-examining physician cannot

24  by itself constitute substantial evidence that justifies the rejection of the opinion of either an

25  examining physician or a treating physician"; such an opinion may serve as substantial

26  evidence only when it is consistent with and supported by other independent evidence in the

27  record.  Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

28

**B.     Analysis**

The ALJ found that Claimant has a mood disorder and anxiety disorder which result in a mild limitation in daily activities, moderate difficulties in social functioning and moderate limitations in his ability to maintain concentration, persistence and pace.  (AR 19, 20.) Accordingly, the ALJ's RFC provides that Plaintiff can perform a full range of exertional work subject to the non-exertional limitations of no detailed or complex tasks, mild limitations in simple tasks, moderate limitations in dealing with others and moderate limitations in maintaining attention and concentration.  (AR 21.)

The ALJ's RFC is supported by the February 28, 2008 opinion of consulting psychological examiner, Dr. Rosa Colonna, Ph.D.  (AR 24, 435-39.)  Dr. Colonna diagnosed Claimant with a mood disorder not otherwise specified and a personality disorder.  (AR 24, 438.)  She opined Claimant would be able to understand, remember and carry out short, simplistic instructions without difficulty, and can make simplistic work-related decisions without special supervision.  (AR 24, 439.)  She assessed Mr. Gray with mild inability to interact with others.  (AR 24-25, 439.)  The ALJ gave this opinion "great weight."  (AR 25.)  The ALJ also gave weight to the March 12, 2008 opinion of State reviewing psychiatrist Dr. Greta Johnson who diagnosed Claimant with a mood disorder and personality disorder.  (AR 25, 525-538.) She assessed Mr. Gray with mild limitations in daily activities and social functioning and moderate limitations in maintaining concentration, persistence and pace.  (AR 533.) Dr. Johnson opined that Mr. Gray has the ability to perform simple routine tasks.  (AR 25.) Plaintiff does not discuss or even mention the opinions of Dr. Colonna and Dr. Johnson.

The ALJ also gave weight to the opinion of testifying medical expert Dr. David Peterson who conducted a thorough review of the evidence.  (AR 26.)  He diagnosed dysthymic disorder, anxiety disorder and personality disorder.  (AR 26.)  He opined that Plaintiff did not meet or equal a Listing.  (AR 26.)  Dr. Peterson also opined that Claimant had moderate social limitations and "could only have occasional interaction with co-workers, supervisors and the public."  (AR 26.)  Thus, considerable medical evidence supports the ALJ's RFC.

1    Plaintiff relies heavily on the findings and opinions of Dr. Sharon Jablon, Ph.D., who

2    observed Plaintiff in group psychotherapy sessions.  (AR 24, 25-26, 378, 559-564.)  In a

3    September 27, 2007 Medical Certification consisting of only one page, Dr. Jablon states

4    conclusively that Claimant has a disability described as a serious mental illness.  (AR 378.)  Dr.

5    Jablon, however, indicated that Plaintiff's mental illness does not substantially impede his ability

6    to live independently and would improve under more suitable housing conditions.  (AR 378.)

7    Dr. Jablon also completed a Mental RFC Questionnaire on June 18, 2009, diagnosing Plaintiff

8    with generalized anxiety disorder, dysthymic disorder and a personality disorder.  (AR 25, 559-

9    564.)  Dr. Jablon found mild limitations in the ability to understand, remember and carry out

10   simple instructions.  (AR 26, 562.)  Dr. Jablon also found some "marked" and "extreme"

11   limitations in the ability to make simple work-related decisions, to maintain concentration and

12   attention, and the ability to get along with others.  (AR 562-563.)  Dr. Jablon states that

13   Claimant cannot work and would miss more than 4 days of work per month.  (AR 563.)  She

14   also found that Mr. Gray is easily confused and takes hours to complete simple tasks.  (AR 25,

15   564.)

16       The ALJ gave minimal weight to Dr. Jablon's opinions for specific, legitimate reasons

17   supported by substantial evidence.  (AR 26, 24.)   The ALJ found that Dr. Jablon's opinion was

18   inconsistent with her treatment notes.  (AR 26.)  An ALJ may reject a treating physician's

19   opinion that conflicts with the physician's treatment notes.  Connett v. Barnhart, 340 F.3d 871,

20   875 (9th Cir. 2003.)  Claimant, for example, had the ability to engage in processing the material

21   in his counseling sessions without assistance.  (AR 26.)  Claimant was able to effectively

22   communicate with others and able to attend his sessions on a regular basis.  (AR 26.)

23   Contrary to Dr. Jablon's opinion that Claimant was able to function outside a highly supportive

24   living environment, Dr. Jablon believed Mr. Gray would improve if he lived alone instead of in

25   his communal living arrangement.  (AR 26.)  Mr. Gray did move into his own home and

26   Dr. Jablon did not encourage or refer him to a more structured living arrangement.  (AR 26.)  As

27   for the Claimant being easily confused, the ALJ found that Claimant is able to complete

28   applications and interview successfully, and is able to utilize and communicate with the tools he

1   obtained during treatment.  (AR 26.)  The evidence also shows that Claimant actively

2   participated in group sessions, demonstrated insight into his behavior, and made appropriate

3   changes to deal with his problems and realized improvement.  (AR 22.)  The ALJ found that

4   Claimant's symptoms are controlled with the use of counseling, behavior modification

5   techniques, stress reduction techniques and medication.  (AR 22.)  Thus, the ALJ found Dr.

6   Jablon's opinion "inconsistent with the evidence in the record as a whole," and gave it limited

7   weight.  (AR 26-27.)

8          Plaintiff misstates the testimony of Dr. Peterson who Plaintiff claims found Claimant to

9   have marked limitations in the area of concentration, persistence and pace.  Dr. Peterson noted

10  Dr. Jablon's finding that Claimant suffered marked limitations and even needed a highly

11  structured living arrangement but "did not find objective evidence" to support Dr. Jablon's

12  opinion.  (AR 42.)  Dr. Peterson also noted an inconsistency between Dr. Jablon's finding of a

13  mild limitation in the ability to understand, remember and carry out simple instructions and his

14  finding that Plaintiff had marked limitations in the ability to remember locations and work-like

15  procedures.  (AR 43-44, 562.)  He found evidence against the existence of disorganized

16  behavior.  (AR 47.)  He found Dr. Jablon's qualitative description of being easily confused and

17  slow to be in "direct contradiction" with her finding of only mild limitation in performing simple

18  tasks.  (AR 47.)  Dr. Peterson also found no evidence to support Dr. Jablon's opinion Claimant

19  needed a highly structured living arrangement.  (AR 42.)  As the Commissioner correctly

20  observes, Dr. Peterson never really offered an assessment of Claimant's ability to maintain

21  concentration, persistence and pace.  The ALJ reasonably characterized Dr. Peterson's

22  testimony as being that Plaintiff had a "limited ability" to maintain concentration, persistence and

23  pace.  Thus, the ALJ found that his RFC assessment of moderate limitations in maintaining

24  concentration and attention was "largely consistent with the testimony of the medical expert and

25  the consultative examiners and is also consistent with the records of treatment."   (AR 26.)

26         Plaintiff obviously disagrees with the ALJ's interpretation of the record but it is the ALJ

27  who is responsible for resolving conflicts in the medical evidence.  Andrews, 53 F.3d at 1039.

28

1  Where the ALJ's interpretation of the evidence is reasonable as it is here, it should not be

2  second-guessed.  Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

3       The ALJ discounted Dr. Jablon's opinion for specific, legitimate reasons supported by

4  substantial evidence and reasonably interpreted Dr. Peterson's opinion as not including any

5  marked limitations in concentration, persistence and pace.  Also, other medical evidence

6  supports the ALJ's assessment of moderate limitations in concentration, persistence and pace.

7  **II.     THE ALJ PROPERLY DISCOUNTED PLAINTIFF'S SUBJECTIVE SYMPTOM TESTIMONY**

8       Plaintiff contends that the ALJ's adverse credibility determination is not supported by

9  substantial evidence.  The Court disagrees.

10      **A.     Relevant Federal Law**

11      The test for deciding whether to accept a claimant's subjective symptom testimony turns

12  on whether the claimant produces medical evidence of an impairment that reasonably could be

13  expected to produce the pain or other symptoms alleged.  Bunnell v. Sullivan, 947 F.2d 341,

14  346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80

15  F.3d at 1281-82 esp. n.2.  The Commissioner may not discredit a claimant's testimony on the

16  severity of symptoms merely because they are unsupported by objective medical evidence.

17  Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345.  If the ALJ finds the claimant's pain

18  testimony not credible, the ALJ "must specifically make findings which support this conclusion."

19  Bunnell, 947 F.2d at 345.  The ALJ must set forth "findings sufficiently specific to permit the

20  court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."  Thomas, 278

21  F.3d at 958; see also Rollins, 261 F.3d at 856-57; Bunnell, 947 F.2d at 345-46.  Unless there is

22  evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a

23  claimant's symptoms only by offering "specific, clear and convincing reasons for doing so."

24  Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722.  The ALJ must identify what

25  testimony is not credible and what evidence discredits the testimony.  Reddick, 157 F.3d at 722;

26  Smolen, 80 F.3d at 1284.

27

28

### B.   Analysis

The ALJ found that Plaintiff's statements regarding the intensity, duration and functionally limiting effects of his impairments are not fully credible.  (AR 22.)  Because the ALJ did not make an explicit finding of malingering, he was required to provide clear and convincing reasons supported by substantial evidence to discount Plaintiff's credibility.  Smolen, 80 F.3d at 1283-84.  The ALJ did so.

The ALJ discounted Plaintiff's subjective symptoms because they are inconsistent with the medical evidence and with "his treatment or lack thereof."  (AR 22, 26-27.)  An ALJ is entitled to consider whether there is a lack of medical evidence to corroborate a claimant's alleged pain symptoms so long as it is not the only reason for discounting a claimant's credibility.  Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005); Thomas, 278 F.3d at 989.

Additionally, the ALJ found that the medical records indicate improvement (AR 22, 23) and that Plaintiff's symptoms are "controlled with the use of counseling, behavior modification techniques, stress reduction techniques, and medication."  (AR 22.)  This is a valid basis for rejecting Plaintiff's claims of disabling symptoms.  Tommasetti v. Astrue, 533 F.3d 1035, 1040 (9th Cir. 2008) (responding favorably to conservative treatment undermines claim of disabling symptoms); Molina v. Astrue, 674 F.3d 1104, 1113 (9th Cir. 2012) (ability to control anxiety with medication and other measures undermines credibility as to severity of symptoms); Warre v. Commissioner of Social Sec. Adm., 439 F.3d 1001, 1006 (9th Cir. 2006) (impairments controlled effectively with medication are not disabling).

The ALJ also found that Plaintiff's claimed symptoms were inconsistent with his daily activities.  (AR 22.)  The ALJ cited evidence that Claimant has the ability to perform household chores, shop, use public transportation, pay bills, maintain a residence, self-groom, manage his finances and medical care, engage in exercise and to live independently.  (AR 22, 26.)  Inconsistent daily activities are a legitimate reason for discounting credibility.  Bunnell, 947 F.2d at 345-46.  Plaintiff contends that these activities are not sufficient evidence that he can work but they do suggest the alleged severity of his limitations was exaggerated.  See Valentine v. Comm'r, 574 F.3d 685, 694 (9th Cir. 2009).

Plaintiff disputes the ALJ's interpretation of the evidence regarding Plaintiff's credibility but again the ALJ is responsible for resolving ambiguities in the record.  <u>Andrews</u>, 53 F.3d at 1039.  Where the ALJ's interpretation of the record is reasonable as it is here, it should not be second-guessed.  <u>Rollins</u>, 261 F.3d a 857.

The ALJ discounted Plaintiff's credibility for clear and convincing reasons supported by substantial evidence.

\* \* \*

The ALJ's RFC is supported by substantial evidence.  The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

## ORDER

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: <u>December 3, 2013</u>                <u>        /s/ John E. McDermott        </u>
                                                         JOHN E. MCDERMOTT
                                                         UNITED STATES MAGISTRATE JUDGE